UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YAO CHEN,

    Petitioner,

v.

D. DAVEY, Warden,

    Respondent.

Case No. 15-cv-04486-HSG (PR)

**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY**

Re: Dkt. No. 23

Petitioner, a *pro se* prisoner, filed this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Respondent has moved to dismiss the petition as untimely, and Petitioner has filed an opposition.

## BACKGROUND

On January 5, 1995, a San Francisco County jury convicted Petitioner of multiple violations of second-degree robbery, assault with a firearm, false imprisonment, attempted extortion, dissuading a witness, and second-degree burglary. *See* Ex. A.[1] He was sentenced to an aggregate term of 45 years and 8 months in prison. *Id.* On April 11, 1997, the California Court of Appeal affirmed his conviction. *Id.* On July 16, 1997, the California Supreme Court denied review. Ex. B. The record shows that Petitioner did not file a petition for writ of certiorari in the United States Supreme Court, nor did he file any state habeas petitions. *See* Pet. at 20-21.[2]

Petitioner later filed this action, seeking a federal writ of habeas corpus. The petition has a

---

[1] All references herein to exhibits are to the exhibits submitted by Respondent in support of the motion to dismiss.

[2] All page numbers used herein refer to those affixed to the top of the page by the Court's electronic filing program.

1 signature date of September 23, 2015 and was stamped "filed" at the Court on September 29,
2 2015. As a *pro se* prisoner, Petitioner receives the benefit of the prisoner mailbox rule, which
3 deems most documents filed when the prisoner gives them to prison officials to mail to the court.
4 *See Stillman v. LaMarque,* 319 F.3d 1199, 1201 (9th Cir. 2003). The Court will assume Petitioner
5 gave the petition to prison officials for mailing on the date he signed it, i.e., September 23, 2015,
6 and deem the federal petition filed as of that date.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996 and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). Time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. *Id.* § 2244(d)(2).

Here, the judgment became final and the limitations period began on October 14, 1997, ninety days after the California Supreme Court denied review. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (if a petitioner fails to seek a writ of certiorari from the United States Supreme Court, the AEDPA's one-year limitations period begins to run on the date the ninety-day period defined by Supreme Court Rule 13 expires). The presumptive deadline for Petitioner to file his federal petition was therefore October 13, 1998. He missed that deadline by almost seventeen years, so unless he qualifies for tolling, the petition is untimely.

**A.   Statutory Tolling**

Petitioner does not claim he is entitled to statutory tolling. Even if Petitioner had claimed

such tolling, however, he would not be eligible for it. Pursuant to 28 U.S.C. § 2244, the one-year limitations period is tolled for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." *See* 28 U.S.C. § 2244(d)(2). An application for review remains "pending" in state court until it "has achieved final resolution through the State's post-conviction procedures." *Carey v. Saffold*, 536 U.S. 214, 220 (2002). Here, Petitioner never filed a state habeas petition. Thus, there is nothing to toll.

Accordingly, the Court finds the petition is not rendered timely on the basis of statutory tolling.

**B.     Equitable Tolling**

AEDPA's one-year statute of limitations is subject to equitable tolling in appropriate circumstances. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks and citation omitted); *accord Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999) ("When external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim, equitable tolling of the statute of limitations may be appropriate."). The diligence required to establish entitlement to equitable tolling is "reasonable diligence." *Holland*, 130 S. Ct. at 2565.

Petitioner bears the burden of showing "extraordinary circumstances were the cause of his untimeliness." *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (internal quotation marks and citation omitted). Where a petitioner fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005). Further, such petitioner must show "his untimeliness was caused by an external impediment and not by his own lack of diligence." *Bryant v. Arizona Attorney General*, 499 F.3d 1056, 1061 (9th Cir. 2007) (citing *Roy v. Lampert*, 465 F.3d 964, 973 (9th Cir. 2006)).

Here, Petitioner asserts two reasons for the delay in filing his federal petition. First,

Petitioner claims that he had no knowledge that he could receive "federal court review on constitutional law principle[s]." Dkt. No. 28 at 5. However, ignorance of the law and lack of legal sophistication do not alone constitute extraordinary circumstances warranting equitable tolling. *Rasberry v. Garcia*, 448 F.3d 1150, 1153-54 (9th Cir. 2006) (cataloguing cases from other circuits and holding that a pro se petitioner's lack of legal sophistication is not, by itself, an extraordinary circumstance); *see also Hughes v. Idaho State Bd. of Corrs.*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of *pro se* petitioner insufficient cause to avoid procedural bar); *Cantu-Tzin v. Johnson,* 162 F.3d 295, 299-300 (5th Cir. 1998) (*pro se* status during state habeas proceedings did not justify equitable tolling); *United States v. Flores*, 981 F.2d 231, 236 (5th Cir. 1993) (*pro se* status, illiteracy, deafness and lack of legal training does not justify equitable tolling). Therefore, Petitioner is not entitled to equitable tolling based on his ignorance of the law.

Second, Petitioner claims that he is unable to read English and his primary language is Chinese. Dkt. No. 28 at 6, 10. "Extraordinary circumstances" that warrant equitable tolling may include a non-English speaker's inability to procure either legal materials in his own language or translation assistance from an inmate, library personnel, or other source during the running of the limitations period. *See Mendoza v. Carey*, 449 F.3d 1065, 1070 (9th Cir. 2006) (remanding case to district court for development of facts concerning whether, as petitioner alleged, during the relevant time period he lacked "English language ability," was denied access to Spanish-language legal materials, could not procure the assistance of a translator, and acted with due diligence). However, a petitioner's language limitations do not per se justify equitable tolling; rather, equitable tolling may be justified only if language barriers actually prevent timely filing. *See Mendoza*, 449 F.3d at 1069.

Here, equitable tolling on this ground must be denied because Petitioner fails to show that this was the case. First, the delay was significant, not a few weeks or months, but years. Second, he sets forth no facts showing that during this time he made any attempt to procure Chinese-language legal materials or translation assistance. In other words, Petitioner makes no showing whatsoever that, despite his lack of English language ability, he pursued his rights diligently. Therefore, Petitioner is not entitled to equitable tolling based on his language barriers. *See*

4

*Holland*, 130 S. Ct. at 2562 (equitable tolling requires showing that petitioner pursued his rights diligently).

Accordingly, the Court finds the petition is not rendered timely on the basis of equitable tolling.

## CONCLUSION

For the foregoing reasons:

1. Respondent's motion to dismiss the instant petition as untimely is GRANTED.

2. Petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

3. The Clerk shall terminate all pending motions, enter judgment, and close the file.

**IT IS SO ORDERED.**

Dated:  August 15, 2016

                                                                                    _____
                                                                                    HAYWOOD S. GILLIAM, JR.
                                                                                    United States District Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

YAO CHEN,

        Plaintiff,

   v.

D. DAVEY,

        Defendant.

Case No. 15-cv-04486-HSG

**CERTIFICATE OF SERVICE**

    I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

    That on 8/15/2016, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

    Yao Chen ID: J-48028
    3B03-140
    P.O. Box 3466
    Corcoran, CA 93212

Dated: 8/15/2016

                  Susan Y. Soong
                  Clerk, United States District Court

                  By:_____
                  Nikki D. Riley, Deputy Clerk to the
                  Honorable HAYWOOD S. GILLIAM, JR.